UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GARY PIERCE** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **MAXUM INDEMNITY COMPANY,** | * | **DISTRICT JUDGE** |
| **ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**NOTICE OF REMOVAL**</u>

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Allied World Surplus Lines Insurance Company, incorrectly named as "Allied World Insurance Company" ("Allied World"), Landmark American Insurance Company ("Landmark"), Maxum Indemnity Company ("Maxum") and QBE Insurance Corporation ("QBE"), Defendants, through their respective undersigned counsel, who may be jointly referred to herein as the "Removing Defendants," with the attached Consents to Removal signed by or on behalf of Howard L. Nations, APC ("Nations Law"), The Nicks Law Firm, LLC ("Nicks Law"), Rueb & Motta, APLC ("R&M Law"), Joseph A. Motta, Attorney at Law, APLC ("Motta Law"), The Rueb Law Firm, APLC ("Rueb Law"), Howard L. Nations ("H. Nations"), Cindy L. Nations ("C. Nations"), Shantrell Nicks ("S. Nicks"), Gregory Rueb ("G. Rueb"), and Joseph A. Motta ("J. Motta"), Defendants, and with a full reservation of all rights, defenses, exceptions, and objections that may exist in their favor, whether in state court or federal court, including objections to personal jurisdiction, forum selection, and convenience of the forum, hereby remove the action entitled and styled *Gary Pierce v. Maxum Indemnity Company, et al.*, from the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, State of Louisiana, bearing Docket No. 66-144, to the United States District Court for the Eastern District of Louisiana, and further aver and state as follows:

1. On or about July 7, 2020, Gary Pierce, Plaintiff, filed this action in the matter entitled and styled as *Gary Pierce v. Maxum Indemnity Company, et al.*, in the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, State of Louisiana, bearing Docket No. 66-144 ("state court lawsuit").

2. Service of process and citation was made on Allied World, Landmark, Maxum and QBE through the Louisiana Secretary of State as the statutory agent for service of process for these insurer defendants on October 7, 2020. *See* Service Returns included within Exhibit A.

3. Upon information and belief, Defendants aver that service of process was made on Motta Law through the Louisiana Long-Arm Statute on October 5, 2020. *See* Service Return for Motta Law included within Exhibit B.

4. Upon information and belief, Defendants aver that service of process has also been made on Nations Law, Nicks Law, R&M Law, Rueb Law, Howard L. Nations, Cindy L. Nations, Shantrell Nicks and Gregory Rueb but the returns on service have not yet been filed of record in the state court lawsuit.

5. Pursuant to 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."

6. Accordingly, Removing Defendants timely filed this Notice of Removal within thirty (30) days after each of them received or was served with a copy of the initial pleading setting forth the Plaintiffs' claim for relief upon which this action is based and is timely pursuant to 28 U.S.C. § 1446(b)(1) and (b)(2)(B).

7. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process and orders that have been served on all Defendants, as well as a copy of all available records and proceedings in the State Court Action pursuant to 28 U.S.C. § 1447(b), are attached as Exhibit "C".

8.   Pursuant to 28 U.S.C. 1446(b)(2)(A), and as demonstrated by the Consents to Removal attached hereto as Exhibit "D", all Defendants not joining directly in this notice of removal consent to the removal of this action to this Court.

9.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for all parties and upon any pro se litigants and a copy is being filed with the Clerk of Court for the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, State of Louisiana.

10.   The Twenty-Fifth Judicial District Court for the Parish of Plaquemines, State of Louisiana, is located within the United States District Court for the Eastern District of Louisiana, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 98(b) because it is the "district and division within which such action is pending." 28 U.S.C. § 1446(a).

## COMPLETE DIVERSITY OF CITIZENSHIP

11.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Diversity jurisdiction under 28 U.S.C. § 1332 requires that each plaintiff be diverse in citizenship from every defendant. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1998).

12.   Paragraph 1 of the Petition states that the Plaintiff is an individual of the full age of majority who is domiciled in the Parish of Jefferson, State of Louisiana. *See* Petition, ¶ 1, subparts (a) through (m). (Exhibit A). Thus, the Plaintiff is a citizen of Louisiana for purposes of diversity. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

13.   Plaintiff named Allied World Insurance Company as a defendant in this action. Allied World Insurance Company is a New Hampshire Corporation with its principal place of business in New York.  Thus, Allied World is a citizen of New Hampshire and New York for

purposes of diversity. The entity that issued a policy to Howard L. Nations, A Professional Corporation, however, was Allied World Surplus Lines Insurance Company, which is an Arkansas corporation with its principal place of business in New York. Allied World Surplus Lines Insurance Company is a citizen of Arkansas and New York for purposes of diversity. *See* 28 U.S.C. 1332(c)(1).

14. Landmark was organized, formed and exists under the laws of the State of Oklahoma and has and maintains its principal place of business in Atlanta, State of Georgia. Landmark is therefore a citizen of Oklahoma for purposes of diversity. *See* 28 U.S.C. 1332(c)(1).

15. Maxum Indemnity Company is incorporated in the State of Connecticut and maintains its principal place of business in Connecticut. Thus, Maxum is a citizen of Connecticut for diversity purposes. *See* 28 U.S.C. 1332(c)(1).

16. QBE Insurance Corporation is incorporated in the State of Pennsylvania and maintains its principal place of business in New York. Thus, QBE is a citizen of Pennsylvania and New York for diversity purposes. *See* 28 U.S.C. 1332(c)(1).

17. Howard L. Nations, APC is incorporated in the State of Texas and maintains its principal place of business in Texas. See Petition, ¶ 2(e) (Exhibit A). Thus, Nations Law is a citizen of Texas for diversity purposes. *See* 28 U.S.C. 1332(c)(1).

18. The Nicks Law Firm, LLC is a limited liability company with its principal place of business in the State of Mississippi. *See* Petition, ¶ 2(f) (Exhibit A). Shantrell Nicks is the sole member of Nicks Law and is an individual who is domiciled in the State of Alabama. Thus, Nicks Law is a citizen of Alabama for diversity purposes. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[t]he citizenship of a LLC is determined by the citizenship of all its members.").

19. Rueb & Motta, APLC reserves the right to allege and prove that it no longer exists as a juridical person capable of being sued but during its existence was incorporated in the State of California and maintained its principal place of business in California. *See* Petition, ₽ 2(g) (Exhibit A). Thus, R&M Law throughout its existence was a citizen of California for diversity purposes. *See* 28 U.S.C. 1332(c)(1).

20. Joseph A. Motta, Attorney at Law, APLC is incorporated in the State of California and maintains its principal place of business in California. *See* Petition, ₽ 2(h) (Exhibit A). Thus, Motta Law is a citizen of California for diversity purposes. *See* 28 U.S.C. 1332(c)(1).

21. The Rueb Law Firm, APLC is incorporated in the State of California and maintains its principal place of business in California. *See* Petition, ₽ 2(i) (Exhibit A). Thus, it is a citizen of California for diversity purposes. *See* 28 U.S.C. 1332(c)(1).

22. Howard L. Nations is an individual who is domiciled in the State of Texas. *See* Petition, ₽ 2(j) (Exhibit A). Thus, he is a citizen of Texas for diversity purposes. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

23. Cindy L. Nations is an individual who is domiciled in the State of Texas. *See* Petition, ₽ 2(k) (Exhibit A). Thus, she is a citizen of Texas for diversity purposes. *See Coury v. Prot, supra*, 85 F.3d at 248.

24. Shantrell Nicks is an individual who is domiciled in the State of Alabama. *See* Petition, ₽ 2(l) (Exhibit A). Thus, she is a citizen of Alabama for diversity purposes. *See Coury v. Prot, supra*, 85 F.3d at 248.

25. Gregory D. Rueb is an individual domiciled in the State of California. *See* Petition, ₽ 2(m) (Exhibit A). Thus, he is a citizen of California for diversity purposes. *See Coury v. Prot, supra*, 85 F.3d at 248.

26. Joseph A. Motta is an individual who is domiciled in the State of California. *See* Petition, ¶ 2(n) (Exhibit A). Thus, he is a citizen of California for diversity purposes. *See Coury v. Prot*, *supra*, 85 F.3d at 248.

27. The Plaintiff is a citizen and resident of the State of Louisiana for purposes of diversity.

28. Defendants are citizens of Alabama, Arkansas, California, Connecticut, New Hampshire, New York, Oklahoma, Pennsylvania and Texas for purposes of diversity.

29. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants.

## AMOUNT IN CONTROVERSY

30. Louisiana generally disallows any reference to monetary damages in a petition for damages. *See* Louisiana Civil Code of Procedure article 893(A)(1).

31. Nonetheless, Article 893(A)(1) states that "if a specific amount of damages is necessary to establish … the lack of jurisdiction of federal courts due to insufficiency of damages … a general allegation that the claim … is less than the requisite amount ***is required***." *Id.* (emphasis added). The Petition makes no such general allegation, as allowed by Article 893(A)(1), nor has the Plaintiff otherwise attempted to certify, whether by affidavit, stipulation, or otherwise, that the amount in controversy for any claim by the Plaintiff does not exceed $75,000.

32. Because the amount of damages is not stated with specificity in the Petition, the Removing Defendants have the burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); and, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

33. The Removing Defendants may satisfy this burden by showing that it is facially apparent that the Plaintiff's claims for damages exceeds the jurisdictional amount or by setting forth facts and disputes supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335.

34. Under the facially apparent determination, "the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed" the jurisdictional threshold. *Id*. at 1336.

35. Here, the Petition includes a request for a jury trial, stating that the "matter in controversy exceeds the amount specified in Louisiana Code of Civil Procedure Article 1732(1)[.]"

36. Article 1732(1)[1] limits jury trials only in suits where the amount exceeds fifty thousand dollars ($50,000.00), exclusive of interest and costs, except in certain circumstances. Thus, the amount in controversy exceeds at least $50,000.

37. Additionally, the Plaintiff has alleged that Nations Law, H. Nations, and C. Nations were insured by Maxum, QBE, Landmark, and Allied World. *See* Petition, ¶¶ 42-45 (Exhibit A).

38. Subject to its terms and conditions, the primary policy of insurance issued by Allied World Surplus Lines Insurance Company to Howard L. Nations, A Professional Corporation, with a policy period from January 25, 2018 to January 25, 2019, includes a $50,000 Per Claim Deductible, a $3,000,000 Each Claim Limit of Liability, and a $3,000,000 Annual Aggregate for certain coverages. ("Allied World Policy").

39. Subject to its terms and conditions, the primary policy of insurance issued by Maxum Indemnity Company to Howard L. Nations, A Professional Corporation, with a policy

---

[1] Article 1732 was amended by Act 37 of the 2020 First Extraordinary Legislative Session ("HB57"). HB57, which lowers the jury trial threshold from $50,000 to $10,000, will be effective on January 1, 2021 and will be applied prospectively only. Article 1732 as amended by HB57 will not apply to any cause of action pending prior to January 1, 2021. Thus, the $50,000 threshold for the right to a trial by jury applies here.

period from January 25, 2019 to January 25, 2020, includes a $50,000 Per Claim Deductible, a $3,000,000 Each Claim Limit of Liability, and a $3,000,000 Annual Aggregate ("Maxum Policy").

40. Subject to its terms and conditions, the excess policy of insurance issued by Landmark American Insurance Company to Howard L. Nations, A Professional Corporation, with a policy period from January 25, 2019 to January 25, 2020, includes a $2,000,000 Each Claim Limit of Liability, and a $2,000,000 Annual Aggregate ("Landmark Policy"), in excess of the limits of liability of the Maxum Policy.

41. Subject to its terms and conditions, the excess policy of insurance issued by QBE Insurance Corporation to Howard L. Nations, A Professional Corporation, with a policy period from January 25, 2019 to January 25, 2020, includes a $5,000,000 Each Claim Limit of Liability, and a $5,000,000 Annual Aggregate ("QBE Policy"), in excess of the limits of liability of the Maxum Policy and the Landmark Policy.

42. Plaintiff has alleged that the Allied World Policy, the Maxum Policy, the Landmark Policy and the QBE Policy provide coverage for his claims for damages and relief against those Defendants who are or may be insured under those policies, including Howard L. Nations, APC, Howard L. and Cindy L. Nations.

43. Thus, based on the limits of liability of the foregoing policies that Plaintiff has alleged to have been in effect and provide coverage for his claims for damages and relief, the amount in controversy exceeds $75,000. The Plaintiff has alleged that $13,000,000 of insurance coverage is available for his collective recovery.

44. The Petition also asserts that the Plaintiff is entitled to judgment awarding compensatory, consequential and punitive damages, restitution, damages for fraudulent conduct, reasonable attorneys' fees and costs, and such further relief that the Court may deem appropriate

under the circumstances, against all Defendants. *See* Petition, ¶¶ 36-37, 41-46; *see* also Petition, Prayer for Relief, subpart (a).

45.  As the foregoing makes clear, it is facially apparent that the claims for damages and relief asserted by Plaintiff in this action exceed the jurisdictional amount required for this Court's exercise of diversity jurisdiction under 28 U.S.C. § 1332(a).

**WHEREFORE,** Allied World Surplus Lines Insurance Company, incorrectly named as Allied World Insurance Company, Landmark American Insurance Company, Maxum Indemnity Company and QBE Insurance Corporation, Removing Defendants, through their respective undersigned counsel, hereby provide notice that this action is duly removed to this Court for any further proceedings and for such other purposes as may be allowed or proper under any applicable law.

Respectfully submitted:

*/s/ Sara Grace Sirera*

**GEORGE D. FAGAN, T.A. #14260**
**SARA GRACE SIRERA, #38405**
**Leake & Andersson LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel:  504/585-7500
Fax:  504/585-7775
E-mail:  *gfagan@leakeandersson.com*
             *ssirera@leakeandersson.com*

***Attorneys for Defendant, Landmark American Insurance Company***

And

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL (#10263)
ALISTAIR M. WARD (#24693)
**GIEGER, LABORDE & LAPEROUSE, LLC**
701 Poydras Street, Suite 4800

New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile:      (504) 561-1011
E-mail: *rsiegel@glllaw.com*
           award@glllaw.com

***Attorneys for QBE Insurance Corporation***

And

*/s/Michael A. Balascio*
Judy Y. Barrasso, 2814
Michael A. Balascio, 33715
Janelle E. Sharer, 37305
**BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.**
909 Poydras Street, Suite 2350
New Orleans, Louisiana  70112
Telephone:         504-589-9700
Facsimile:         504-589-9701
jbarrasso@barrassousdin.com
mbalascio@barrassousdin.com
jsharer@barrassousdin.com

***Attorneys for Allied World Surplus Lines Insurance Company, incorrectly named as Allied World Insurance Company***

And

*/s/ Seth A. Schmeeckle*
Seth A. Schmeeckle, #27076
Jay P. Farmer, #36451
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: sschmeeckle@lawla.com
            jfarmer@lawla.com

***Attorneys for Maxum Indemnity Company***

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing pleading has been delivered to all counsel of record, by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by electronic mail, or by ECF Notice, or by facsimile transmission or by hand delivery today, **November 4, 2020.**

                    /s/ Sara Grace Sirera
                      _____